## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROYCE LEON ESTEP, individually, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. CIV-17-625-M |
| vs. | ) |
| | ) |
| CITY OF DEL CITY, ex. rel. DEL CITY POLICE DEPARTMENT, an Oklahoma municipality, JAMES TAYLOR, individually, and RYAN HOWARD, individually, | ) ) ) ) ) |
| | ) |
| Defendants. | ) |

## AMENDED COMPLAINT

COMES NOW Plaintiff, Royce Leon Estep ("Estep") for his cause of action against Defendants, City of Del City, ex. rel. Del City Police Department ("Del City"), James Taylor ("Taylor"), and Ryan Howard ("Howard"), states as follows:

## THE PARTIES

1. Plaintiff was a citizen and resident of Oklahoma County, Oklahoma at the time of the incident hereinafter described.

2. Defendant City of Del City, ex. rel. Del City Police Department is a municipality and political subdivision located in Oklahoma County, Oklahoma.

3. Defendant James Taylor was, at all relevant times, a sworn Del City Police officer and Chief of Police, employed by and working for Defendant Del City. Defendant Taylor engaged in the conduct complained of under color of law and in the scope of his employment as agent and representative of Defendant Del City. Defendant Taylor was responsible for ensuring

that Defendant Howard was adequately trained in regards to exercising the necessary force to accomplish an arrest. Defendant Taylor is sued in his individual capacity.

4. Defendant, Ryan Howard, was, at all relevant times, a sworn Del City Police officer, employed by and working for Defendant Del City. Defendant Howard engaged in the conduct complained of under color of law and in the scope of his employment as agent and representative of Defendant Del City. Defendant Howard is sued in his individual capacity.

## JURISDICTION AND VENUE

Plaintiff incorporates all previous allegations and statements and further alleges as follows:

5. This is an action arising from an incident that occurred in Oklahoma County, Oklahoma.

6. At all material times, the individual police officers involved in this incident were employees, agents, and/or servants for Defendant Del City.

7. At all material times, the individual police officers involved in this incident were acting in the scope of their employment and/or authority for Defendant Del City.

8. In the alternative, Defendant Howard was acting outside the scope of his employment for Defendant Del City, such that the Oklahoma Governmental Tort Claims Act, 51 O.S. § 153(C) does not exempt Defendant Howard from personally liability for his tortious conduct.

9. Plaintiff has complied with all requirements under the Oklahoma Governmental Tort Claims Act, 51 O.S. § 151 et. seq.

10. This Court has jurisdiction over the parties hereto, jurisdiction of the subject matter hereof, and venue is proper.

## FACTUAL BACKGROUND

Plaintiff incorporates all previous allegations and statements and further alleges as follows:

11. On June 11, 2016, Estep was a sixty-four (64) year old man with limited mobility. Estep required either a cane or walker to stand up, support him, and to walk.

12. On June 11, 2016, at approximately 7:46 pm, Estep was at his home in Del City, Oklahoma when Estep contacted the Del City Police Department to report a white car parked in Estep's neighbor's driveway. The vehicle belonged to an individual who was at a party at another house near Estep's home. In the phone call, Estep advised the Del City Police Department that Estep's neighbor was not home that that no one was supposed to be parked in the drive way.

13. In response to the call made by Estep, Del City dispatched Defendant Howard to the scene at approximately 7:48 pm.

14. When Defendant Howard arrived or at some point within minutes thereafter, Estep and the participants to the party were yelling across the street at one another. Neither Estep nor the participants to the party approached one another or became violent toward one another.

15. Defendant Howard told Estep to back up and not to yell curse words.

16. Estep stated one (1) or more additional curse words and then began to walk away from the scene.

17. Even though Estep was walking away from the scene, Defendant Howard attempted to arrest Estep because Estep stated a curse word(s).

18. To effectuate an arrest, Defendant Howard must have probable cause that a person has committed a criminal activity.

19. Estep did not commit a felony or misdemeanor in Defendant Howard's presence.

20. After being told to put his hands behind his back and that he was being arrested, Defendant Howard claimed in a written statement[1] that "Estep started screaming at the top of his lungs and started charging towards [Defendant Howard]." Defendant Howard's statement is false. Estep did not scream at Defendant Howard and, while using an assistive device, only slowly walked in Defendant Howard's direction.

21. Defendant Howard's statement claims Estep began to raise his cane at Defendant Howard. Defendant Howard's statement is false. Estep never raised his cane prior to being tasered.

22. According to Del City Police Department's Use of Force Policy, an Electronic Restraint Device (ERD) may only be used "where a subject actively resists in an offensive manner" and upon satisfaction of **all** of the follow conditions:

> The ERD may be used when:
> 1. Lesser force options are likely to be ineffective, and
> 2. The officer reasonably believes the subject poses a credible threat, and
> 3. The subject poses a threat from a distance that places the officer or others at risk of injury, if the distance is rapidly closed.

23. Immediately prior to being tasered, Estep began to turn to his left – away from Defendant Howard.

24. As Estep was turning away from Defendant Howard, Defendant Howard deployed his taser causing Estep to fall to the ground. The fall caused Estep to fracture his hip and injure his shoulder, requiring multiple surgeries to repair.

---

[1] References to Defendant Howard's written statement refer to a three (3) page Incident Report entitled "Del City Police Department, CFS #2016012455, Incident # 2016012455"

25. Estep remained on the ground for three (3) minutes before emergency personnel were notified.

26. No weapons were located at the scene and Estep had no weapons on his person.

27. After Defendant Howard unlawfully attempted to arrest Estep, Defendant Howard charged Estep with obstructing an officer. The charge was dismissed because there was no evidence that Estep committed a punishable offense.

28. The actions of Defendant Howard establish that he was not properly trained regarding the use of deadly force or in the alternative that he failed to follow such training and that the other named Defendants failed to properly enforce such policies.

## COUNT I – EXCESSIVE FORCE IN VIOLATION OF CONSTITUTIONAL RIGHTS – 42 U.S.C. §1983

Plaintiff incorporates all previous allegations and statements and further alleges as follows:

29. Every person in the State of Oklahoma has the right to be secure against unreasonable seizures of their person, and the Oklahoma Constitution, Art. 2, § 30, prevents the state, its political subdivisions and their respective employees from unlawfully harming or abusing persons within the state by the use of excessive force.

30. Every person in the United States of America has the right to be secure against unreasonable seizures of their person, and the Fourth Amendment of the United States Constitution prevents the individuals acting in a government capacity or under the color of law from unlawfully harming or abusing persons by the use of excessive force.

31. Deploying a taser to Estep's body under the circumstances which occurred on June 11, 2016, equates to excessive force.

32. Deploying a taser to Estep's body under the circumstances as described by Defendant Howard himself equates to excessive force.

33. A reasonable person would have known that the use of excessive force under these circumstances is a violation of constitutionally guaranteed rights and that a citizen's rights not to be subjected to such excessive force was clearly established at the time Defendant Howard tasered Estep. At the time of the actions and non-actions of the Defendants 22 O.S. § 34.1 defined "excessive force" as "force which exceeds the degree of physical force permitted by law or the policies and guidelines of the law enforcement entity."

34. Defendant Howard, under the color of law, unjustifiably used excessive force, and thus violated Estep's constitutional rights and is therefore "liable…in an action at law, suit in equity, or other proper proceeding for redress…", as per 42 U.S.C. § 1983.

## COUNT II – FAILURE TO TRAIN

Plaintiff incorporates all previous allegations and statements and further alleges as follows:

35. Defendant Del City and Defendant Taylor were aware that pursuant to 22 O.S. § 34.1, "[e]ach law enforcement entity which employs any peace officer shall adopt policies and guidelines concerning the use of force by peace officers which shall be complied with by peace officers in carrying out the duties of such officers within the jurisdiction of the law enforcement entity."

36. Under information and belief, Defendant Del City and Defendant Taylor had a policy, custom and procedure of not ensuring that officers like Defendant Howard were appropriately and adequately trained as to when and under what circumstances to effectuate an arrest and under what circumstances to use force.

37. Defendant Del City and Defendant Taylor understood that police officers, such as Defendant Howard:

    a. could and would exceed constitutional limitations on the use of force;

    b. that the use of force may arise under circumstances that constitute a usual and recurring situation with which officers such as Defendant Howard must manage;

    c. that providing inadequate training or failing to enforce existing policies under such circumstances demonstrates deliberate indifference on the part of the Defendants toward persons with whom Defendant Howard would come into contact;

    d. and that failing to provide such training or to enforce policies and procedures to ensure that Defendant Howard followed such training would be a direct causal link between the constitutional deprivation to which citizens such as Estep would be exposed; in other words, when Defendants placed a taser in the hands of Defendant Howard and sent him out in the public domain, it was obvious that failing to adequately train him or enforce policies and procedures would equate deliberate indifference to the rights of the public that with whom he came into contact.

38. Defendant Taylor's actions and/or inactions stem from the execution of a government policy, custom or official decision of indifference as to the protection of citizens' constitutional rights and his actions can fairly be said to represent such a policy and custom.

39. Defendant's failure to ensure and accomplish or enforce such proper training caused Defendant Howard to effectuate an inappropriate/unlawful arrest and to use excessive force

in violation of the Oklahoma Constitution and U.S. Constitution, resulting in serious injury to Estep.

## COUNT III – NEGLIGENCE

Plaintiff incorporates all previous allegations and statements and further alleges as follows:

40. Defendant Howard had a duty to act reasonably when encountering citizens to prevent harm to Estep and others.

41. On June 11, 2016, Defendant Howard acted unreasonably and negligently when encountering Estep.

42. As a result of Defendant Howard's choices on June 11, 2016, Estep suffered serious injuries.

## CAUSATION OF PLAINTIFFS' INJURIES AND DAMAGES

43. The injuries and damages sustained by Plaintiff, more particularly described below, were produced in a natural and continuous sequence from Defendants' violation of one or more of the above described independent constitutional and/or tortious duties.

44. The injuries and damages sustained by Plaintiff were a probable consequence from Defendants' violation of one or more of the above described independent duties.

45. Defendants should have foreseen and anticipated that a violation of one or more of the above described independent duties would constitute an appreciable risk of harm to others, including Plaintiff.

46. If Defendants had not violated one or more of the above described independent duties, then the Plaintiff's injuries and damages would not have occurred.

## COMPENSATORY DAMAGES SUSTAINED BY PLAINTIFFS

47. The injuries and damages sustained by the Plaintiff as a result of Defendants' violations include but are not limited to the following:

>   A. Plaintiff's physical pain and suffering, past and future;
>
>   B. Plaintiff's mental pain and suffering, past and future;
>
>   C. Plaintiff's age;
>
>   D. Plaintiff's physical condition immediately before and after the accident;
>
>   E. The nature and extent of Plaintiff's injuries;
>
>   F. Whether the injuries are permanent;
>
>   G. The physical impairment;
>
>   H. The disfigurement;
>
>   I. Loss of [earnings/time];
>
>   J. Impairment of earning capacity;
>
>   K. The reasonable expenses of the necessary medical care, treatment, and services, past and future.

Pursuant to the provisions of 12 O.S. §3226(A)(2)(a), Plaintiff submits this preliminary computation of damages sought in this lawsuit. As this is an action for injuries suffered by an adult, Plaintiff advises that all damages recoverable by law are sought, including those listed in OUJI3d 4.1. Under item (K), Plaintiff's medical bills currently total $97,924.99. At this point, Plaintiff does not know the amount of future medical expense. These items are among the

elements for the jury to consider in fixing the amount of damages to award to Plaintiff. Other than the amounts which Plaintiff has specifically identified, and which are capable of being ascertained to some degree of certainty, Plaintiff is unable to guess or speculate as to what amount of damages a jury might award.

## PUNITIVE DAMAGES

48. Defendants' conduct involves reckless or callous indifference to Estep's federally protected rights, such that recovery of punitive damages is warranted.

## AMOUNT OF DAMAGES

49. The Plaintiff's injuries and damages are in excess of the amount required for diversity jurisdiction under 28 USC 1332 (currently $75,000.00), plus attorney fees, interest, costs and all such other and further relief for which should be awarded as judgment against Defendants in an amount to fully and fairly compensate Plaintiff for each and every element of damages that has been suffered. Further, Plaintiff prays that Defendants pay punitive damages in order to punish Defendants and to deter them and others from like conduct.

## DEMAND FOR JURY TRIAL

50. The Plaintiff demands a jury trial for all issues of fact presented by this action.

## RESERVATION OF ADDITIONAL CLAIMS

51. The Plaintiff reserves the right to plead further upon completion of discovery to state additional claims and to name additional parties to this action.

WHEREFORE, Plaintiff prays for judgment against Defendants, City of Del City, ex. rel. Del City Police Department, James Taylor, and Ryan Howard in a sum excess of the amount

required for diversity jurisdiction under 28 USC 1332 (currently $75,000.00) plus attorney fees, interest, costs and all such other and further relief as to which Plaintiff may be entitled.

Respectfully submitted,

s/Chris Hammons
Chris Hammons, OBA #20233
Jason Hicks, OBA# 22176
Laird Hammons Laird, PLLC
1332 S.W. 89th St.
Oklahoma City, OK 73159
Telephone:   405.703.4567
Facsimile:   405.703.4061
E-mail:   Chris@lhllaw.com
Attorney for Royce Leon Estep

**ATTORNEY LIEN CLAIMED**

### CERTIFICATE OF SERVICE

A true copy of the foregoing was filed and served by use of this Court's ECF system of filing and service on counsel below listed on this 12th day of June, 2017.

Randall J. Wood
Allison Hayes
Pierce, Couch, Hendrickson, Baysinger & Green, L.L.P.
1109 N. Francis
Oklahoma City OK 73106
Telephone:   (405) 235-1611
Facsimile:   (405) 235-2904
Email:   rwood@piercecouch.com
Attorney for Defendants

s/Chris Hammons