IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

ROYCE LEON ESTEP, individually, )
　)
　　　　　Plaintiff, )
　)
vs. ) Case No. CIV-17-625-M
　)
CITY OF DEL CITY, ex rel. DEL CITY )
POLICE DEPARTMENT, an Oklahoma )
municipality, JAMES TAYLOR, )
individually and in his Official Capacity as )
Chief of Police of Del City, and RYAN )
HOWARD, individually, )
　)
　　　　　Defendants. )

## ORDER

Before the Court is defendants' Partial Motion to Dismiss, filed July 28, 2017. On August 18, 2017, plaintiff filed his response, and on August 30, 2017, defendants filed their reply.

I.　　Introduction[1]

On June 11, 2016, plaintiff Royce Leon Estep ("Estep") was a sixty-four year old man with a history of bi-polar disorder, depression, anxiety disorder, and acute post-traumatic stress disorder. Estep had limited mobility and was required to use either a cane or walker to stand up, support himself, and to walk. On June 11, 2016, at approximately 7:46 p.m., Estep was at his home in Del City, Oklahoma when he contacted the Del City Police Department to report a white car parked in his neighbor's driveway. The vehicle belonged to an individual who was at a party at another house near Estep's home. In the phone call, Estep advised the Del City Police Department that Estep's neighbor was not home and that no one was supposed to be parked in the

---

[1] The facts set forth in this Introduction are based upon the facts contained in plaintiff's Second Amended Complaint.

driveway. In response to the call, the Del City Police Department dispatched defendant Ryan Howard ("Howard") to the scene at approximately 7:48 p.m.

When Howard arrived or within minutes thereafter, Estep and the participants at the party were yelling across the street at one another. Neither Estep nor the participants approached one another or became violent towards one another. Howard told Estep to back up and not to yell curse words. Estep stated one or more additional curse words and then began to walk away from the scene. Howard then attempted to arrest Estep because Estep stated a curse word(s).

Howard has stated that after being told that he was being arrested and to put his hands behind his back, Estep started screaming at the top of his lungs and started charging towards Howard. Estep, however, asserts that he did not scream at Howard and while using an assistive device, only slowly walked in Howard's direction. Howard also has stated that Estep began to raise his cane at Howard, but Estep asserts that he never raised his cane prior to being tased. While witnessing this exchange between Howard and Estep, Dee Messick, Estep's neighbor, ran from her house and informed Howard that Estep suffered from mental health issues. Estep began to turn to his left, away from Howard, and as he was turning away, Howard deployed his taser, causing Estep to fall to the ground.[2] As a result, Estep sustained a fracture to his hip and injured his shoulder, requiring multiple surgeries and incurring substantial medical bills.

On May 16, 2017, Estep brought the instant action in the District Court of Oklahoma County, State of Oklahoma. On June 5, 2017, this case was removed to this Court. On July 14, 2017, Estep filed his Second Amended Complaint, alleging the following causes of action: (1) Section 1983 claim against Howard; (2) Section 1983 failure to train and supervise claim against

---

[2] Howard has stated that he told Estep he was going to tase him. Estep asserts that Howard never warned him that he would use his taser if Estep failed to comply with his orders.

defendants City of Del City ("Del City") and defendant James Taylor ("Taylor"); and (3) state law negligence claim against Del City and, in the alternative, Howard. Defendants now move this Court to dismiss Estep's Section 1983 claim against Del City and Taylor, negligence claim against Howard, and all punitive damages claims against Del City and Taylor, in his official capacity.

II.     Motion to Dismiss Standard

Regarding the standard for determining whether to dismiss a claim pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted, the United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* at 679 (internal quotations and citations omitted). Additionally, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* at 678 (internal quotations and citations omitted). A court "must determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (internal quotations and citation omitted). Finally, "[a] court reviewing the sufficiency of a complaint

3

presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

III. Discussion

    A. Section 1983 failure to train and supervise claim

To establish a Section 1983 claim against a municipality, a plaintiff must establish both (1) a municipal policy or custom, and (2) a direct causal link between the policy or custom and the alleged injury. *See Bryson v. City of Okla. City*, 627 F.3d 784, 788 (10th Cir. 2010). Further, "municipal liability may be based on injuries caused by a failure to adequately train or supervise employees, so long as that failure results from 'deliberate indifference' to the injuries that may be caused." *Brammer-Hoelter v. Twin Peaks Charter Acad.*, 602 F.3d 1175, 1189 (10th Cir. 2010) (internal citation omitted).

Having carefully reviewed Estep's Second Amended Complaint, and presuming all of Estep's factual allegations are true and construing them in the light most favorable to Estep, the Court finds that Estep has set forth sufficient factual allegations to state a Section 1983 failure to train and supervise claim against Del City and Taylor. Specifically, in his Second Amended Complaint, Estep alleges:

> 69. The above-described conduct reflects an established policy, practice, custom, or decision officially adopted or informally accepted, ratified or condoned by Defendant Del City and its officials and employees that consists of arming police officers with dangerous weapons, such as tasers, without proper training and supervision as to their safe, reasonable, and appropriate use.
> 70. Defendant Del City is required to take action to properly train and supervise its employees or agents and prevent their unlawful actions, but failed to do so in a manner and to an extent that amounts to deliberate indifference. Defendant Howard engaged in the above-described conduct pursuant to this policy, practice, custom, or decision.
> 71. The need to train and supervise Del City Police Department Officers and law enforcement personnel about proper procedures for

4

arrests and the reasonable use of force, including, but not limited to, excessive force, to reduce the pervasive and unreasonable risk of grave constitutional injury is clearly established in law.

     *   *   *

73. Under information and belief, Defendant Del City and Defendant Taylor had a policy, custom, and procedure of not ensuring that officers like Defendant Howard were appropriately and adequately trained as to when and under what circumstances to effectuate an arrest and under what circumstances to use force.

74. Defendants were required to implement policies and train their officers with respect to dealing with persons who are mentally ill or emotionally disturbed, including but not limited to: requesting backup from people with experience; training not to unreasonably agitate or excite the person; to contain the person; to use nonthreatening communications, and; to employ the passage of time to their advantage.

75. Upon information and belief, at all times material hereto, Defendants did not have specific and/or adequate policies, procedures, and training governing law enforcement response to citizens suffering from such mental conditions and did not train their law enforcement officers on what uses of force with respect to such citizens were reasonable and constitutional and Defendants were, therefore, deliberately indifferent to the constitutional rights of such medically and/or mentally impaired citizens.

76. Defendants also knew that absent the adoption of specific and/or adequate policies, procedures, and tactics governing law enforcement response to citizens suffering from mental illness, and absent training of law enforcement officers in such policies, procedures, and tactics, it was highly predictable that such failure to train would lead to law enforcement officers' violation of the Fourth Amendment rights of citizens, and could likely result in the otherwise avoidable injury of such citizens.

     *   *   *

79. Defendant Del City, acting through Defendant Taylor, caused the deprivation of Estep's constitutional rights in failing to correct and/or initiate proper policies for the use of force and/or in identifying and interacting with mentally ill individuals.

     *   *   *

88. Inadequate training and supervision of Defendant Howard about the proper procedures to be used in making an arrest, the use of force, including, but not limited to, excessive force, and identifying and interacting with the mentally unstable was so likely to result in grave constitutional injury to citizens that the failure to provide adequate training and supervision to Defendant Howard in these areas constituted a deliberate indifference to and acquiescence in such injury to Estep.

> \*       \*       \*
>
> 90. Defendant's failure to ensure and accomplish or enforce such proper training caused Defendant Howard to effectuate an inappropriate/unlawful arrest and to use excessive force in violation of the U.S. Constitution, proximately causing serious injury to Estep.

Second Amended Complaint at ¶¶ 69-71, 73-76, 79, 88, 90. The Court finds that these allegations, in conjunction with the other allegations set forth in the Second Amended Complaint, are sufficient to allow this Court to draw the reasonable inference that Del City and Taylor are liable for the misconduct alleged.

Accordingly, the Court finds that Estep's Section 1983 failure to train and supervise claim should not be dismissed.

### B. Negligence claim against Howard

Howard asserts that Estep's negligence claim against him is barred by the Oklahoma Governmental Tort Claims Act because he was acting within the course and scope of his employment. Additionally, Howard asserts that Estep does not set forth any facts in his Second Amended Complaint to establish that Howard acted outside the scope of his employment as a Del City police officer to support Estep's alternative negligence claim against him. Estep contends that there are facts to support both an inference that Howard was acting within the scope of his employment and an inference that Howard was acting outside the scope of his employment. Estep asserts that these issues of fact must be left to a jury to decide and that a dismissal of his negligence claim against Howard, at this stage of the proceedings, would be erroneous.

Having carefully reviewed the Second Amended Complaint and the parties' submissions, the Court finds that at this stage of the proceedings, Estep may plead alternative theories of liability against defendants, as it is too early for Estep to determine whether Howard was or was not acting within the scope of his employment at the time of the incident at issue in this case. The Court

6

further finds that there are sufficiently pled facts to support both theories of liability. Accordingly, the Court finds that Estep's negligence claim against Howard should not be dismissed.

C. Punitive damages

Defendants contend that any punitive damages claim asserted against Del City or Taylor in his official capacity is barred by law. While Estep agrees that Del City is not subject to punitive damages, Estep asserts, relying on the Tenth Circuit's decision in *Youren v. Tintic Sch. Dist.*, 343 F.3d 1296 (10th Cir. 2003), that Taylor, in his official capacity, may be subject to punitive damages. In *Youren*, the Tenth Circuit stated: "[t]he fact that municipalities are immune from punitive damages does not, however, mean that individual officials sued in their official capacity are likewise immune." *Id.* at 1307. However, while this holding has not been overturned by the Tenth Circuit, it has been called into question by lower courts. In light of the above, the Court finds that it would be more appropriate to address this matter at a later stage of the proceedings, if necessary.

Accordingly, the Court finds that Estep's request for punitive damages against Del City should be dismissed but that Estep's request for punitive damages against Taylor in his official capacity should not be dismissed at this time.

IV. Conclusion

For the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART defendants' Partial Motion to Dismiss [docket no. 11] as follows:

(A) The Court GRANTS the motion to dismiss as to Estep's request for punitive damages against Del City; and

(B) The Court DENIES the motion to dismiss in all other respects.

**IT IS SO ORDERED this 30th day of March, 2018.**

*/s/ Vicki Miles-LaGrange*
VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE